HALL, Chief Judge,
dissenting from denial of the application for a rehearing.
I respectively dissent from the refusal to grant a rehearing in this case.
Ford Motor Credit Company (FMCC) filed suit against Partee, a non-resident, for debt owed and recognition of a chattel mortgage on a vehicle located in Louisiana. Quasi in rem jurisdiction (not in rem jurisdiction as stated in the opinion) was acquired through a writ of sequestration. LSA-C.C.P. Art. 9. Dixie Trucks, Inc. intervened, asserting a superior lien. At this point the court had personal jurisdiction over the competing litigants, FMCC and Dixie, and quasi in rem jurisdiction over Partee.
Judgment was rendered in favor of FMCC against Partee; also in favor of FMCC against Dixie. Dixie appealed de-volutively. The judgment against Partee was executed through a writ of fifa or seizure and sale, and the vehicle was sold. FMCC received the proceeds of the sale.
Jurisdiction is over the parties, not the vehicle. The appeal is between FMCC and Dixie, both of whom are subject to the jurisdiction of the Louisiana court. Jurisdiction over those parties has not been divested. The Louisiana court may no longer have jurisdiction over Partee, but that is immaterial because he is not the litigant before the court.
It seems clear to me that this court has jurisdiction of this appeal from a judgment rendered in favor of FMCC against Dixie relating to the ranking of their respective claims and entitlement to the proceeds of the sheriff’s sale.
*924 FMCC’s primary argument is mootness (loss of jurisdiction was barely mentioned by FMCC in its appellate brief) since the vehicle subject to Dixie’s lien has been sold and the proceeds of the sale disbursed. This argument deserves consideration, but the opinion is wrong on loss of jurisdiction and a rehearing should be granted.